IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03388-MSK-MJW

COMPLETE ENTERTAINMENT RESOURCES, LLC, a Delaware Limited Liability Company d/b/a CrowdSurge,

Plaintiff,

v.

JAY BIANCHI, a resident of Colorado,
LITTLE PRINCE, LLC, a Colorado Limited Liability Company, and
DOES 1 - 10,

Defendants.

---

**REPORT AND RECOMMENDATION ON THE APPLICATION BY PLAINTIFF COMPLETE ENTERTAINMENT RESOURCES, LLC DBA CROWDSURGE FOR DEFAULT JUDGMENT AGAINST DEFENDANTS JAY BIANCHI AND LITTLE PRINCE, LLC (Docket No. 18)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Plaintiff moves for default judgment against Defendants Jay Bianchi ("Bianchi") and Little Prince, LLC ("Little Prince")[1], and the motion has been referred to the undersigned. (Docket Nos. 18 & 19.) No response has been filed by either defendant. The Court has reviewed the motion and its attached exhibits, taken judicial notice of the Court's file in this case, and reviewed the applicable Federal Rules of Civil Procedure, case law, and statutes. Now being fully informed, the Court makes the following

---

[1] The Court finds that these Defendants are not minors, incompetents, or in the military service, and have not entered an appearance. (Docket No. 18-2 ¶ 3.)

1

findings, conclusions, and recommendation that the motion be granted in part and denied in part.

## Factual Background

Plaintiff filed its complaint on December 15, 2014. (Docket No. 1.) In it Plaintiff asserts three claims for relief against all Defendants: breach of contract, unjust enrichment, and violation of the Colorado Consumer Protection Act ("CCPA"), Colo. Rev. Stat. §§ 6-1-101, *et seq.* (*Id.* at 6-9.) In short, Plaintiff alleges that Defendants owe Plaintiff approximately $80,000.00 relating to costs incurred as a result of the need to refund tickets to a musical performance that was organized by Defendants. (*Id.* at 4-6.) Plaintiff maintains that Defendants Bianchi and Little Prince "had not actually taken the steps necessary to secure the necessary permits required to actually hold the" originally scheduled outdoor event, which resulted in Plaintiff incurring "actual out of pocket losses . . . estimated to exceed $80,000.00." (*Id.* at 5-6.) Plaintiff seeks compensatory damages, restitution[2], injunctive relief, attorney's fees, interest, and costs. (*Id.* at 10.). On January 14, 2015, Plaintiff filed proof that Defendants Bianchi and Little Prince had been personally served in compliance with Federal Rule of Civil Procedure 4. (Docket Nos. 8 & 9.) No imperfections or irregularities appear on the face of the proof of service. (*See id.*) Following Plaintiff's motion for default judgment, the Clerk of the Court entered default under Rule 55(a) as to these two Defendants. (Docket No. 12.)

---

[2] Plaintiff's requests for restitution and injunctive relief are limited to its third cause of action brought under the Colorado Consumer Protection Act. (*Id.* at 10).

2

## Discussion

Rule 55(b)(2) provides the authority for the District Court to enter default judgment. After an entry of default, a defendant cannot defend a claim on the merits. *See Olcott v. Delaware Flood Co.,* 327 F.3d 1115, 1125 (10th Cir. 2003) ("[D]efendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . .") (quoting *Jackson v. FIE Corp.,* 302 F.3d 515, 525 (5th Cir. 2002) (modification in *Olcott*)). Even after entry of default, however, it remains for the Court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment. *See McCabe v. Campos*, No. 05-cv-00846-RPM, 2008 WL 576245, at *2 (D. Colo. Feb. 28, 2008) (citing *Black v. Lane,* 22 F.3d 1395, 1407 (7th Cir. 1994)). "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Cablevision of Southern Conn., Ltd. P'ship v. Smith*, 141 F.Supp.2d 277, 281 (D. Conn. 2001). In determining whether a claim for relief has been established, the well-pleaded facts of the complaint relating to liability are deemed true. *Id.* In addition, the Court accepts the undisputed facts set forth in any affidavits and exhibits. *Deery Am. Corp. v. Artco Equip. Sales, Inc.,* No. 06-cv-01684-EWN-CBS, 2007 WL 437762, at *3 (D. Colo. Feb. 6, 2007).

**I.    Liability**

The allegations in the Complaint, taken to be true for purposes of default judgment, establish the Court's jurisdiction over the lawsuit and the parties. Defendant Bianchi is alleged to be a resident of the state of Colorado and Defendant Prince Little is alleged to be a Colorado limited liability company with its principal place of business in

Denver, Colorado.  (Docket No. 1, p. 2).  Plaintiff is a limited liability company formed under the laws of Delaware with its principal place of business in New York.  (*Id.* at 1-2.)  Further, Plaintiff seeks damages totaling at least $80,000.[3]  The Court therefore has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  Further, because Defendant Bianchi is alleged to be a resident of Colorado and Defendant Prince Little is alleged to be a Colorado limited liability company and service on them was valid and effective (by personal in-hand service upon Defendant Bianchi who is the registered agent for Defendant Prince Little), the Court therefore has personal jurisdiction over them.  For these same reasons, the Court finds that venue is proper in the State and District of Colorado under 28 U.S.C. § 1391.

### A.  Breach of Contract

As to the merits of Plaintiff's claim, the Court examines each of the claims for relief.  The elements for breach of contract claim under Colorado law are: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff.  *PayoutOne v. Coral Mortg. Bankers*, 602 F.Supp.2d 1219, 1224 (D. Colo. 2009) (citation omitted).[4]  Plaintiff alleges in the Complaint that it entered into an agreement with Defendants "which was memorialized in a series of electronic correspondences and wire transfer of funds."  (Docket No. 1, p. 6.)  Plaintiff further

---

[3] In the motion, Plaintiff clarifies that its total loss not including interest, costs, or attorney's fees is $80,762.43.  (Docket No. 18, p. 8.)

[4] As a federal court with diversity-based jurisdiction, the law of the forum state is applied in analyzing Plaintiff's common law claims.  *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

alleges that Defendant "represented to [Plaintiff] that they were promoting the outdoor Disco Biscuits Event, and that if [Plaintiff] sold tickets to the Disco Biscuits' fan base and forwarded those proceeds[ ] to the defendants that the defendants would send the tickets to [Plaintiff] who could then distribute them to the fans." (*Id.* at 6-7.) Plaintiff maintains that it performed its obligations under the contract, but that Defendants breached the contract by failing to return the funds collected by Plaintiff when the outdoor event was cancelled. (*Id.* at 7.) In support of the instant motion, Plaintiff provides the Declaration of Jesse Bellin in Support of Request for Default Judgment Against Defendants Jay Bianchi and Little Prince, LLC (Docket No. 18-1), which attaches various email communications relating to Plaintiff's sale of tickets for the musical event.

Whether the parties have entered into a contract is a question of fact. *See Southern Colo. MRI, Ltd. v. Med-Alliance, Inc.*, 166 F.3d 1094, 1098 (10th Cir. 1999) (citing *I.M.A., Inc. v. Rocky Mountain Airways, Inc.*, 713 P.2d 882, 887 (Colo. 1986)); *see also Buckles Mgmt., LLC v. InvestorDigs, LLC*, 728 F.Supp.2d 1145, 1150 (D. Colo. 2010); *Ellis Canning Co. v. Bernstein*, 348 F.Supp. 1212, 1221 (D. Colo. 1972) (citing *Marti-Matter Co. v. Thomas*, 70 Colo. 478, 202 P. 703 (1921)) (whether there has been a meeting of the minds is a question of fact to be determined from all of the evidence in the case). As noted, the Court must accept the disputed facts as true for purposes of this motion. Here, it is unclear whether this series of emails constitutes a contract. *See Buckles Mgmt.,* 728 F.Supp.2d at 1152 ("Although the email at issue here is subject to interpretation, whether it is sufficient to evidence a contract is a question of fact that precludes summary judgment."); *PayoutOne*, 602 F.Supp.2d at 1225-26 (analyzing

5

whether emails may constitute a written agreement for purposes of the statute of frauds). However, because Plaintiff seeks default judgment with regard to each of its claims and, as discussed below, it cannot recover for both its breach of contract and unjust enrichment claims, the Court need not decide whether Plaintiff has sufficiently alleged the existence of a contract in this case because it concludes that Plaintiff has sufficiently alleged an unjust enrichment claim and that judgment should enter with regard to that claim.

### B. Unjust Enrichment

Plaintiff's unjust enrichment claim seeks the same remedy it seeks for its breach of contract claim: "the value of the payments unjustly retained" by Defendants. (Docket No. 1, p. 8.) "Unjust enrichment is a claim in quasi-contract based on principles of restitution." *W. Ridge Grp., LLC v. First Trust Co. of Onaga*, 414 Fed.App'x 112, 120 (10th Cir. 2011) (unpublished) (applying Colorado law). "In general, a party cannot recover for unjust enrichment by asserting a quasi-contract when an express contract covers the same subject matter because the express contract precludes any implied-in-law contract." *Interbank Investments, LLC v. Eagle River Water & Sanitation Dist.*, 77 P.3d 814, 816 (Colo. App. 2003). Colorado courts recognize two exceptions to this general rule. "First, a party can recover on a quasi-contract when the implied-in-law contract covers conduct outside the express contract or matters arising subsequent to the express contract. Second, a party can recover on a quasi-contract when the party will have no right under an enforceable contract," such as "when an express contract failed or was rescinded." *Id.* (citations and quotations omitted). Here, because the

Court does not decide whether the emails exchanged between Plaintiff and Defendants constitute a contract, the Court considers Plaintiff's unjust enrichment claim.[5]

"[A] party claiming unjust enrichment must prove that (1) the defendant received a benefit (2) at the plaintiff's expense (3) under circumstances that would make it unjust for the defendant to retain the benefit without commensurate compensation." *Lewis v. Lewis*, 189 P.3d 1134, 1141 (Colo. 2008), *as modified on denial of reh'g* (Colo. Aug. 18, 2008) (citations omitted). In the instant case, Plaintiff alleges that it sent money to Defendants for the tickets it sold to the musical event. (Docket No. 1, p. 4). Specifically, Plaintiff maintains that it "[i]n conjunction with [its sale of tickets Plaintiff] collected funds from the Disco Biscuits' fan base in excess of $80,000.00, which represented the full face value for the tickets [Plaintiff] actually sold." (*Id*.) Plaintiff further alleges that in August 2014 it sent Defendants "in excess of $80,000.00" and, in return, received the tickets to distribute to the purchasers. (*Id*.) Plaintiff avers that as a result of the musical event being moved to another venue, it was forced to either refund the cost of the tickets to purchasers or to buy tickets for the new venue at its own cost for its purchasers and that it "incurred actual out of pocket losses . . . estimated to exceed $80,000.00" as a result of Defendants' failure to secure proper permits for the original venue. (*Id*. at 5-6.) Construing these allegations as true for the purpose of the instant motion, the Court finds that Plaintiff has sufficiently pled an unjust enrichment claim against Defendants Bianchi and Little Prince.

---

[5] Of course, a party can plead breach of contract and unjust enrichment as alternative claims for relief. However, a party cannot recover on both claims except as outlined above.

C.      **CCPA**

        Plaintiff brings its third claim under the CCPA.

        To prove a private claim for relief under the CCPA, a plaintiff must show:

>        (1) that the defendant engaged in an unfair or deceptive trade practice; (2)
>        that the challenged practice occurred in the course of defendant's
>        business, vocation, or occupation; (3) that it significantly impacts the
>        public as actual or potential consumers of the defendant's goods, services,
>        or property; (4) that the plaintiff suffered injury in fact to a legally protected
>        interest; and (5) that the challenged practice caused the plaintiff's injury.

*Crowe v. Tull*, 126 P.3d 196, 201 (Colo. 2006) (en banc) (quotation and citation omitted). The Supreme Court of Colorado has taken "[a]n expansive approach . . . in interpreting the CCPA by reading and considering the CCPA in its entirety and interpreting the meaning of any one section by considering the overall legislative purpose." *May Dep't Stores Co. v. State ex rel. Woodard*, 863 P.2d 967, 973 n.10 (Colo. 1993). The court has made clear that "in determining whether conduct falls within the purview of the CCPA, it should ordinarily be assumed that the CCPA applies to the conduct. That assumption is appropriate because of the strong and sweeping remedial purposes of the CCPA." *Showpiece Homes Corp. v. Assurance Co. of Am.*, 38 P.3d 47, 53 (Colo. 2001). Pursuant to Colo. Rev. Stat. § 6-1-113, a party[6] who is found to have violated the statute shall be liable for either the amount of actual damages or, if it is established that the violator engaged in bad faith conduct, three times the amount of actual damages.[7]

---

[6] The statute broadly defines "person" to include individuals and entities. Colo. Rev. Stat. § 6-1-102(6).

[7] The statute also allows for a recovery of five hundred dollars, but because it is the greater amount that is awarded, that provision is not relevant to this case because

8

Beyond alleging a deceptive trade practice, a plaintiff asserting a CCPA claim must also allege facts that plausibly suggest "the defendant's challenged practice significantly impacts the public as actual or potential consumers of the defendant's goods, services or property." *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 149 (Colo. 2003) (en banc) (citing *Hall v. Walter*, 969 P.2d 224, 234 (Colo. 1998)). "[I]f a wrong is private in nature, and does not affect the public, a claim is not actionable under the CCPA." *Id.* In other words, "[t]he CCPA is not intended to provide additional remedies to claimants whose disputes have no public impact but are, instead, purely private transactions." *Hens on v. Bank of Am.*, 935 F.Supp.2d 1128, 1142 (D. Colo. 2013) (citing *Rhino Linings USA*, 62 P.3d at 150). In determining whether a challenged practice significantly impacts the public, courts consider: "(1) the number of consumers directly affected by the challenged practice, (2) the relative sophistication and bargaining power of the consumers affected by the challenged practice, and (3) evidence that the challenged practice has previously impacted other consumers or has the significant potential to do so in the future." *Rhino Linings USA*, 62 P.3d at 150.

In this case, while Plaintiff alleges that it had to make its consumers whole by either purchasing tickets to the new venue or refunding money that it had already transferred to Defendants, that does not establish that any consumers were directly affected by Defendants' failure to obtain permits for the musical event. Further, Plaintiff offers no argument or factual support for the idea that Defendants' failure to obtain

---

Plaintiff alleges that its actual damages exceeded $80,000.

permits for the event "previously impacted other consumers or has the significant potential to do so in the future." *Id.* As a result, Plaintiff has not sufficiently pled a CCPA claim against Defendants.

## II. Damages

Default judgment cannot be entered under Rule 55(b)(2) until the amount of damages has been ascertained. *See Herzfeld v. Parker,* 100 F.R.D. 770, 773 (D. Colo. 1984). A default judgment for money damages must be supported by proof. *Klapprott v. United States,* 335 U.S. 601, 611-12 (1949). This requirement ensures that a plaintiff is not awarded more in damages than can be supported by actual evidence. *See id.* Whether to conduct a hearing for the purpose of ascertaining damages is discretionary; the Court need not conduct a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation. *Hunt v. Inter-Globe Energy, Inc.,* 770 F.2d 145, 148 (10th Cir. 1985). Plaintiff's motion for default judgment requests actual damages totaling $80,762.43; prejudgment interest at a rate of 8% pursuant to Colo. Rev. Stat. § 5-12-102; attorney's fees totaling $8,492.50; and costs totaling $616.00. (Docket No. 18, pp. 13-14.)

### A. Compensatory Damages

As noted above, when entering default judgment, the Court takes all of the well-pleaded facts in a complaint as true. *See United States v. Craighead*, 176 Fed.App'x 922, 925 (10th Cir. 2006) (order and judgment). "If defendant does not contest the amount prayed for in the complaint by failing to answer and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally

will be entered for that amount without any further hearing." *Id.* (quoting 10A Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2688 (3d ed. 1998) (internal quotations omitted); *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation.") "It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." 10A C. Wright, A. Miller, & M. Kane, *supra*, § 2688 (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944)). Here, Plaintiff provides support for its contention that its actual damages totaled $80,762.43. (Docket Nos. 18-1 ¶¶ 7, 9, 13 & 18-2 ¶ 4.) The Court therefore concludes that Plaintiff's actual damages total $80,762.43.

  **B.**  **Prejudgment Interest**

A federal court sitting in diversity applies state law, not federal law, regarding the issue of prejudgment interest. *Loughridge v. Chiles Power Supply Co.*, 431 F.3d 1268, 1288 (10th Cir. 2005) (citing *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1156 (10th Cir. 2000) (further citation omitted)). Colo. Rev. Stat. § 5-12-102 sets forth a prejudgment interest rate of 8% per annum compounded annually. The Court finds this rate is appropriate because Plaintiff has been deprived of the monetary value of the money it refunded to ticket purchasers from the time it refunded the money through the date judgment is entered. *Martinez v. Valdez*, — F.Supp.3d —, 2015 WL 5081606, at *14 (D. Colo. Aug. 27, 2015).

### C. Attorney's Fees

As a general rule in diversity cases, if "state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorneys' fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." *Home Loan Inv. Co. v. St. Paul Mercury Ins.* Co., No. 12-cv-02308-CMA-CBS, 2014 WL 6723965, at *3 (D. Colo. Nov. 25, 2014) (quoting *Garcia v. Wal–Mart Stores, Inc.*, 209 F.3d 1170, 1177 (10th Cir. 2000)). Colorado follows the traditional "American rule" that, absent statutory authority, an express contractual provision, or a court rule, the parties in a lawsuit are required to bear the costs of their own legal expenses. *Moore v. Edwards*, 111 P.3d 572, 573 (Colo. App. 2005). Plaintiff seeks attorney's fees based on its CCPA claim. (Docket No. 18-2 ¶ 7.) However, the Court concluded that Plaintiff did not sufficiently allege a CCPA claim. As a result, the Court does not analyze Plaintiff's request for attorney's fees and costs because Plaintiff provides no other authority for deviating from the "American rule" in this case.

### D. Costs

Pursuant to Fed. R. Civ. P. 54(d)(1), costs should be awarded to the prevailing party unless a statute, rule, or court order provides otherwise. There is no statute, rule, or court order in this case that leads the Court to conclude that Plaintiff is not entitled to recover its costs. Further, Plaintiff provides support for the $616.00 in costs it seeks to recover. (Docket No. 18-2 ¶ 5.) As a result, the Court concludes that Plaintiff is entitled to recover its costs pursuant to Fed. R. Civ. P. 54(d)(1).

**Recommendation**

For the foregoing reasons, the undersigned RECOMMENDS that:

- The Application by Plaintiff Complete Entertainment Resources, LLC DBA Crowdsurge for Default Judgment Against Defendants Jay Bianchi and Little Prince, LLC (Docket No. 18) be GRANTED in part and DENIED in part;

- The motion be granted to the extent Plaintiff seeks default judgment with regard to its unjust enrichment claim and denied to the extent it seeks default judgment with regard to its breach of contract and CCPA claims;

- Default Judgment enter in favor of Plaintiff Complete Entertainment Resources, LLC and against Defendants Jay Bianchi and Little Prince, LLC, in the amount of $80,762.43.00, along with prejudgment interest under Colo. Rev. Stat. § 5-12-102; and

- Plaintiff be awarded its costs totaling $616.00, to be taxed by the Clerk of Court pursuant to Federal Rule of Civil Procedure 54(d)(1) and Local Civil Rule 54.1.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53**

**(1985), and also waives appellate review of both factual and legal questions, <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996)**.

Dated: February 2, 2016          */s/ Michael J. Watanabe*
      Denver, Colorado          Michael J. Watanabe
                                            United States Magistrate Judge